*E-Filed 5/31/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANTONIO T. PULIDO,  No. C 12-0489 RS (PR)

    Petitioner, **ORDER TO SHOW CAUSE**

    v.

MATIN BITER, Warden,

    Respondent.

_____/

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid. **The petition appears to be untimely under § 2254. Respondent is directed to consider first if the petition is in fact untimely. If it is, respondent may file a motion to dismiss on such grounds, though he is not required to do so.**

## BACKGROUND

According to the petition, in 2007, in the Sonoma County Superior Court, petitioner pleaded guilty to aggravated assault and other charges apparently related to gang activity. Consequent to this proceeding, petitioner was sentenced to 29 years in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims (1) he had no opportunity to consult confidentially with counsel; (2) his psychological condition rendered his plea involuntary; (3) the prosecutor's "package deal" for the gang members rendered his plea involuntary; (4) he received ineffective assistance of counsel; (5) the conditions of confinement are unconstitutional under the Eighth Amendment; (6) his sentence violates the Eighth Amendment; (7) the sentencing enhancement he received violates the Equal Protection Clause; and (8) his incarceration in solitary confinement violates the Eighth Amendment. Claims 5 and 8 are DISMISSED because they are not brought appropriately in a federal habeas action, which relates only to the legality and duration, not the conditions, of confinement. If petitioner seeks relief for 5 and 8, he must file a civil rights action. Accordingly, the dismissal of these claims is without prejudice to petitioner filing such an action. The remaining claims, when liberally construed, appear to be cognizable on federal habeas review.

**CONCLUSION**

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The Clerk shall amend the docket to reflect that Martin Biter, the warden of the prison in which petitioner is housed, is the **sole** respondent in this action. Petitioner erroneously also named as respondent Matthew Cate, Director of the California Department of Corrections and Rehabilitation. Biter, not Cate, is the sole proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

**IT IS SO ORDERED.**

DATED: May 31, 2012

RICHARD SEEBORG
United States District Judge